**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SAVANNA WHITE, on behalf of herself and all other persons similarly situated, known or unknown,** )<br>)<br>) | |
| ) | **Case No. _____** |
| **Plaintiff,** ) | |
| ) | **Removal from the Circuit Court of Cook** |
| **v.** ) | **County, Illinois** |
| ) | |
| **QUALITY HUTS MIDWEST, LLC, d/b/a PIZZA HUT,** ) )<br>) | **Case No.:  2023 CH 2080** |
| ) | |
| **Defendant.** ) | |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Quality Huts Midwest, LLC, d/b/a Pizza Hut ("Quality Huts" or "defendant") removes to the United States District Court for the Northern District of Illinois, the civil action pending against it in the Circuit Court of Cook County, Illinois. In support of removal, Quality Huts states as follows:

1.      Plaintiff Savanna White ("plaintiff") filed a three-count Biometric Information Privacy Act ("Privacy Act" or "BIPA") putative Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois on March 2, 2023, titled *White v. Quality Huts Midwest, LLC, d/b/a Pizza Hut*, Case No. 2023 CH 02080 (the "State Court Action").

2.      Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A** (ECF 1-1.)

3.      Removal is proper because this Court has original jurisdiction over this matter pursuant to the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

4.     This Notice of Removal is filed within 30 days of March 14, 2023, the date that plaintiff served Quality Huts' registered agent. Removal is accordingly timely. (ECF 1-1.) *see* 28 U.S.C. §1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the notice of removal clock does not run until a party has been served with the summons and complaint under applicable state law).

### VENUE IS PROPER

5.     The Circuit Court of Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois. 28 U.S.C. §93(c). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### ALL REQUIREMENTS FOR CAFA JURISDICTION ARE MET

6.     Removal is proper because this Court has original jurisdiction over this matter pursuant to CAFA. CAFA grants district courts original jurisdiction over any putative class action in which (1) there is minimal diversity among the parties; (2) there are 100 or more putative class members; and (3) the matter in controversy exceeds $5,000,000, excluding interest and costs. 28 U.S.C. §1332(d). These requirements are all met.

7.     A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

8.     Here, the Complaint alleges the following putative class: "White seeks to represent a class of Defendant's workers who scanned their fingerprints in Defendant's biometric time clock system in Illinois between March 2, 2018, and the present without first executing a written

release and/or receiving access to a written policy available to the public; establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 5 years of the individual's last interaction with the private entity, whichever occurs first ('the Class')." (ECF 1-1, ¶49.) Accordingly, this action is properly considered a "class action" under CAFA.

9.     CAFA's minimal diversity requirement is met. "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). The Complaint alleges that plaintiff is "a citizen of Illinois." (ECF 1-1, Compl. ¶12.) Defendant is a limited liability company and citizen of Delaware and North Carolina, as detailed in the Declaration of Nicole Hethcox ("Hethcox Declaration") at ¶3, attached as **Exhibit B**. *See Young v. Integrity Healthcare Communities, LLC*, 513 F.Supp.3d 1043, fn. 2 (S.D. Ill. 2021) ("Although an LLC's citizenship is the citizenship of its members for purposes of diversity jurisdiction, this rule doesn't apply to jurisdiction under CAFA. 'As part of CAFA, Congress chose to modify existing case law concerning the citizenship of unincorporated associations'" such as the LLC, which "'shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.' 28 U.S.C. §1332(d)(10)") (citations omitted); *see also Bond v. Veolia Water Indianapolis, LLC*, 571 F.Supp.2d 905, 912-13 (S.D. Ind. 2008) ("The court treats the term 'unincorporated associations' in subsection (d)(10) as broadly as the Supreme Court had treated it in *United Steelworkers of America v. R.H. Bouligny, Inc.* and *Carden*, so that subsection (d)(10) applies to the limited liability company…. CAFA calls upon courts to apply the same test that applies to corporations" to unincorporated

associations such as LLCs); *see also Kurth v. Arcelormittal USA, Inc.*, 2009 WL 3346588, fn. 2 (N.D. Ind. 2009) (same).

10. The "matter in controversy" aggregated across the claims of the putative class members also satisfies CAFA. 28 U.S.C. §1332(d)(6). It must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). The Complaint does not specify a damages figure or plead any amount sought. It seeks statutory damages of $5,000 for each intentional and/or reckless violation of the Privacy Act or $1,000 for each negligent violation. (ECF 1-2, Compl., ¶¶65, 80, 87, and Prayer for Relief (A).)

11. Quality Hut employs or employed at least 334 crew workers in the State of Illinois during the period identified in the Complaint. (ECF 1-2, Hethcox Declaration at ¶4.) Since plaintiff seeks $5,000 in statutory damages for each alleged intentional or reckless violation of the Privacy Act, the purported damages are $5,010,000 aggregated across the putative class (334 individuals x 3 alleged violations per individual x $5,000 per alleged violation). Thus, for purposes of setting forth grounds for the Court's jurisdiction under CAFA, the "matter in controversy" requirement aggregated across the putative class plausibly exceeds $5,000,000. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (removing party need only plausibly explain how the matter in controversy exceeds $5,000,000 to establish federal jurisdiction under CAFA).

12. Plaintiff's request for attorneys' fees and injunctive relief further increases the matter in controversy beyond the $5,000,000 threshold. (Compl., Prayer for Relief (B-C).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n

a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

13.     Quality Huts denies the validity and merit of plaintiff's Privacy Act claim. But for purposes of setting forth grounds for this Court's jurisdiction, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Id.* (emphasis in original).

14.     Under CAFA, defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court"). Here, the matter in controversy is satisfied under 28 U.S.C. §1332(d)(6).

### RESERVATION OF RIGHTS

15.     Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's

rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

16.     Under 28 U.S.C. §1446(d), Quality Huts will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Cook County, Illinois.

**WHEREFORE**, defendant Quality Huts Midwest, LLC, respectfully requests that this litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Dated:     April 12, 2023                             Respectfully submitted,

                                                      By:   /s/ Anne E. Larson
                                                            One of the Attorneys for Defendant
                                                            QUALITY HUTS MIDWEST, LLC

Anne E. Larson (ARDC No. 6200481)
**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:     312.558.1220
Facsimile:     312.807.3619
*anne.larson@ogletree.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 12, 2023, she filed the foregoing ***Notice of Removal*** electronically with the Clerk of Court using the ECF system, and served the ***Notice of Removal*** on the following via electronic mail:

> Max P. Barack
> **GARFINKEL GROUP, LLC**
> 701 N. Milwaukee Avenue
> The CIVITAS
> Chicago, Illinois 60642
> Tel: 312.736.7991
> *max@garfinkelgroup.com*
>
> ***Attorney for Plaintiff***

/s/ Anne E. Larson
One of the Attorneys for Defendant
QUALITY HUTS MIDWEST, LLC